

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 13, 1947

Honorable Geo. W. Cox, M.D.
State Health Officer
Texas State Board of Health
Austin 2, Texas

Re:    Opinion No. V-187

Dear Sir:

We refer to your letter of September 10, 1947, concerning the summary in our Opinion No. V-187, which should be amended to read as follows:

Operators of hotels, cafes, restaurants and other establishments to which Art. 700b V.P.C. applies, who use electrically operated dishwashers and glasswashers, are not exempt from the temperature and holding and other requirements of said article unless such machines factually accomplish all such requirements.

The facts in each case should be determined by appropriate inspections.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

W. T. Williams
Assistant

WTW:jrb:jm



THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 3, 1947

Hon. Geo. W. Cox, M. D.
State Health Officer
Texas State Board of Health
Austin 2, Texas          Opinion No. V-187

                         Re:  Exemption of electric
                              dishwashers and glass-
                              washers from the temp-
                              erature and holding pro-
                              visions of law regulat-
                              ing sterilization of
                              dishes, etc. Sect. 2,
Dear Sir:                     Art. 700b, V.P.C.

          Your letter of March 31, 1947, requests an
opinion from this office on the following question:

          "Whether or not such establishments as cafes,
     restaurants, drug stores, soda water fountains,
     etc., are exempt from all the requirements of
     Article 700-A, Section 2, of the Penal Code in
     view of the provisions contained in Article 700-A,
     Section 2, Paragraph 2, which reads as follows:
     'Provided that the provisions of this Section
     shall not apply to such establishments as des-
     cribed herein that use electrically operated
     dishwashing and glasswashing machines, that ac-
     complish these purposes mechanically'. We spe-
     cifically request that we be advised as to
     whether or not such establishments are exempt
     from the temperature and holding requirements
     of Section 2, Article 700-A?"

          The law referred to in your letter was amended
in 1939 by H. B. No. 903, Acts of the 46th Legislature
and now appears as Article 700b of Vernon's Penal Code.
Section 2 of said Article reads as follows:

          "No person, firm, corporation, or association
     operating, managing, or conducting any hotel, cafe,
     restaurant, dining car, drug store, soda water
     fountain, meat market, bakery, or confectionery,

Hon. Geo. W. Cox, M. D., Page 2, V-187

liquor dispensary or any other establishment where food or drink of any kind is served or permitted to be served to the public, shall furnish to any person any dish, receptacle, or utensil used in eating, drinking, or conveying food if such dish, receptacle, or utensil has not been washed after each service until clean to the sight and touch in warm water containing soap or alkali cleanser. After cleaning, all glasses, dishes, sliverware, and other receptacles and utensils shall be placed in wire cages and immersed in a still bath of clear water heated to a minimum temperature of 170°F for at least three minutes, or two minutes at 180°F. Upon removal from the hot water, a ll glasses, dishes, silverware, and other receptacles and utensils shall be stored in such a manner as not to become contaminated. Provided that the State Board of Health may approve other equally effective methods of treatment by steam or hot water that meet with the minimum requirements for the safety of the public health, as prescribed by the State Board of Health, that are not inconsistent with this Act. When paper receptacles, ice cream cones, or other single service utensils are used for serving food or drinks, they must be kept in a sanitary manner, protected from dust, flies, and other contamination.

"Provided that the provisions of this Section shall not apply to such establishments as described herein that use electrically operated dishwashing and glasswashing machines, that accomplish these purposes mechanically."

The Title of the Act says that it is "An Act to better safeguard the health of the people of the State of Texas by making it unlawful to serve food in improperly cleaned or unsterilized dishes or utensils, etc. . . ."

We are of the opinion that operators of hotels, cafes, restaurants, and other establishments to which Article 700b applies are not exempt from the requirements of its provisions merely because they use electrically operated dishwashing and glasswashing machines for cleaning dishes and glasses. To be exempt from the temperature and holding requirements of Sec-

tion 2 of said Article the statutory purpose of cleaning "to the sight and touch" must have been factually accomplished.

## SUMMARY

Operators of hotels, cafes, restaurants, and other establishments to which Article 700b applies who use electrically operated dishwashers and glasswashers are not exempt from the temperature and holding requirements of said Article unless such electrically operated machines factually accomplish the statutory purpose of cleaning "to the sight and touch."

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

W. T. Williams
Assistant

WTW:dr:egt:jm

APPROVED MAY 5, 1947

ATTORNEY GENERAL